IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHELSEA PURCHASE, *individually and on behalf of all other similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>FACEAPP INC. and FACEAPP TECHNOLOGY LIMITED,<br><br>Defendants. | CASE NO.: 23-cv-2735<br><br><u>CLASS ACTION</u> |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF
THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**

Plaintiff Chelsea Purchase, individually and on behalf of all others similarly situated, through undersigned counsel, brings this Class Action Complaint for Violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against FaceApp Inc. ("FA") and FaceApp Technology Limited ("FTL") (collectively "Defendants") and alleges the following upon information and belief, except as to the allegations within Plaintiff's personal knowledge. Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein after a reasonable opportunity for discovery.

**SUMMARY OF THE ACTION**

1. Defendants launched FaceApp in 2017, a photo and video editing application available for download through iOS and Android devices. FA is a United States subsidiary of FTL.

2.  Starting in 2019, the United States' government expressed concern over FaceApp and Defendants' abuse of U.S. consumers' privacy rights.[1] Plaintiff brings this class action to put an end to FaceApp and Defendants' privacy abuses – including their collection, storage, and subsequent use of its users' biometric identifiers and biometric information without informed consent, in direct contravention of BIPA.

3.  Biometric information is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual. A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA, "face geometry" (also referred to herein as "faceprint" or "facial features") and voice, among others.

4.  The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

5.  In recognition of this legitimate concern over the security of biometric information, the Illinois Legislature enacted the BIPA, which provides, inter alia, that private entities like Defendants may not obtain a person's biometric information in any way unless it first: (1) informs that person in writing that biometric information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric information is being collected, stored and used; and (3) receives a written release from the person for the collection of his or her biometric information. *See* 740 ILCS 14/15(b).

---

[1] https://www.forbes.com/sites/kateoflahertyuk/2019/12/03/fbi-faceapp-investigation-confirms-threat-from-apps-developed-in-russia/?sh=7e1325d445bc

6. In direct violation of all three prongs of §15(b) of the BIPA, Defendants have and/or are actively collecting, storing, and using the biometric information of millions of individuals without any written notice or informed written consent, which includes thousands of Illinois residents.

7. Moreover, §15(a) of the BIPA provides that:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

FaceApp has failed to provide its users with a publicly available retention schedule or guidelines for permanently destroying their biometric information as required by BIPA.[2] Defendants have not complied with §15(a) of BIPA and therefore are in violation of it.[3]

8. Plaintiff brings this action individually and on behalf of a proposed class in order to hold Defendants accountable for their BIPA violations and to recover statutory damages for the unauthorized collection, storage, and use of their biometric information in violation of BIPA.

## PARTIES

9. Plaintiff is, and has been at all relevant times, a resident and citizen of the state of Illinois and resident of St. Clair County, Illinois. Plaintiff used FaceApp during relevant times.

10. Defendant FA is a domestic corporation with its headquarters and principal executive offices at 1000 N West Street, Suite 1200, Wilmington, Delaware, 19801.

---

[2] https://web.archive.org/web/20170504023754/https://www.faceapp.com/privacy
[3] https://www.faceapp.com/en/privacy/

11.     Defendant FTL is a foreign corporation with its headquarters and principal executive offices at 28th October Ave 319a, 8th Floor – 801A, Limassol, 3105 Cyprus.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 in that plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

13.     Jurisdiction is also proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), because: (i) the proposed class consists of well over 100 members; (ii) the parties are minimally diverse, as members of the proposed class, including plaintiff, are citizens of a state different from defendant's home states; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. In 2022, FA reported it had 33 million FaceApp users, with many residing in Illinois.[4] The estimated number of Illinois FaceApp users impacted by defendant's conduct multiplied by BIPA's statutory liquidated damages figure ($5,000 for each intentional or reckless violation and $1,000 for each negligent violation) easily exceeds CAFA's $5,000,000 threshold.

14.     Venue is proper in this District because plaintiff resides in this District and the causes of action arose, in substantial part, in this District.

## SUBSTANTIVE ALLEGATIONS

**Biometric Information and the Illinois BIPA**

---

[4] https://www.businessofapps.com/data/faceapp-statistics/

15. A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA, facial features, and voice, among others.[5]

16. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." Id.

17. In recognition of this legitimate concern over the security of biometric information, the Illinois Legislature enacted the BIPA, which provides, inter alia, that:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:
>
> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

18. Section 15(a) of the BIPA further provides that:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such

---

[5] The BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." 740 ILCS 14/10. Plaintiff herein uses the terms "biometric information" and "biometric identifier" interchangeably.

  identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

  19. As alleged herein, Defendants' practice of collecting, storing, and using its users' biometric information without informed written consent violates all three prongs of §15(b) of BIPA. FA's failure to provide a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of its users' biometric information violates §15(a) of BIPA.

**FaceApp Collects and Stores' Biometric Information Without Informed Consent**

  20. From 2018 through 2022, FaceApp has had an average of 48 million users.[6] Since its launch, FaceApp has been downloaded over 350 million times.[7]

  21. FaceApp allows its members to upload and edit photographs within it. FaceApp's privacy policy from January 2017 through November 2019 stated it collected "User Content (e.g., photos and other materials)."[8]

  22. FaceApp collects, stores, and uses its members' biometric information without notice and without informed written consent, in violation of all three prongs of §15(b) of the BIPA.

  23. First, in direct contravention of §15(b) of the BIPA, FaceApp never informed its members that it would collect, store, and use their biometric facial information.

  24. Second, in direct contravention of §15(b) of the BIPA, FaceApp never informed its users of the specific purpose and length of term for which their biometric information would be collected, stored, and used.

---

[6] https://www.businessofapps.com/data/faceapp-statistics/.
[7] Id.
[8] https://web.archive.org/web/20170504023754/https://www.faceapp.com/privacy.

25. Third, in direct contravention of §15(b) of the BIPA, FaceApp never received a written release from its members before it began to collect, store and use their biometric information.

26. These issues were the subject of a letter issued by Senator Chuck Schumer.[9]

27. FaceApp's intentional, reckless, or negligent failure to provide its members with written notice that their biometric information would be collected, stored and used; to inform members the specific time and purpose for which such biometric information would be stored; and to obtain its members' written release for the collection, storage and use of their biometric information, violates all three prongs of §15(b) of the BIPA.

**FaceApp Fails to Provide a Publicly Available Written Policy Regarding the Retention and Destruction of Biometric Information**

28. FaceApp does not comply with §15(a) of the BIPA's requirement to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a).

**Plaintiff's Personal Experiences**

29. Plaintiff is a resident of St. Clair County, Illinois. Plaintiff has been a user of FaceApp for several years. Since using FaceApp, Plaintiff has uploaded may photographs to FaceApp's network that include images of her face.

30. FaceApp created biometric identifiers and/or biometric information of Plaintiff's face that Defendants stores and uses without authorization.

---

[9] https://www.forbes.com/sites/kateoflahertyuk/2019/12/03/fbi-faceapp-investigation-confirms-threat-from-apps-developed-in-russia/?sh=7e1325d445bc

31. Plaintiff did not receive notice that FaceApp would collect, store, or use her biometric information.

32. Plaintiff never provided informed consent, in writing or otherwise, to FaceApp's collection, creation, storage, or use of her face template or any of her biometric information.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the following proposed class (the "Class"):

**All persons who, while residing in Illinois, had their biometric identifiers collected, captured, received, or otherwise obtained by FaceApp.**

34. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

35. Specifically excluded from the Class are Defendants, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or any entities controlled by defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

36. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Upon information and belief, plaintiff alleges that the Class contains many thousands of members. Although the precise number of Class members is unknown to plaintiff, the true number of Class members is known by defendant, and thus, may be notified of the pendency of this action by first class mail, electronic mail and/or published notice.

37. ***Existence and predominance of common questions of law and fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendants collected, captured, received, or otherwise obtained biometric identifiers or biometric information from plaintiff and the Class;

(b) whether Defendants informed plaintiff and the Class before collecting, using, and storing their biometric identifiers or biometric information, as required by §15(b) the BIPA;

(c) whether Defendants informed plaintiff and the Class of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored and used, as required by §15(b) the BIPA;

(d) whether Defendants obtained a written release, as defined by the BIPA, from plaintiff and the Class to collect, store, and use their biometric identifiers or biometric information;

(e) whether Defendants used biometric identifiers to identify plaintiff and the Class;

(f) whether Defendants provided a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information, as required by §15(a) of the BIPA;

(g) whether defendant's violations of the BIPA were committed intentionally, recklessly or negligently;

(h) whether plaintiff and the Class are entitled to statutory damages under the BIPA and the correct measure of those damages; and

(i) whether plaintiff and the Class are entitled to declaratory and injunctive relief.

38. **_Typicality._** Plaintiff's claims are typical of the claims of the other members of the Class in that defendants collected, stored and used his biometric information without informed consent in the exact same manner as every other Class member.

39. **_Adequacy of representation._** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and plaintiff intends to vigorously prosecute this action. Further, plaintiff has no interests that are antagonistic to those of the Class.

40. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

41. The Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I

**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

42. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

43. Section 15(b) of the BIPA provides that a private entity may not, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

(l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information . . . .

740 ILCS 14/15(b).

44. Defendants are private entities under BIPA. See 740 ILCS 14/10.

45. Plaintiff and the Class members are individuals under BIPA. *See id.*

46. FaceApp collected plaintiff's and the Class members' "biometric identifiers."

47. Plaintiff's and the Class members' biometric identifiers collected by Defendants constitutes "biometric information" as defined by the BIPA because Defendants used those biometric identifiers to identify plaintiff and the Class members.

48. Defendants systematically collected, used, and stored plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining the written release required by §15(b) of the BIPA.

49. As alleged above, Defendants did not inform plaintiff or the Class members in writing that their biometric identifiers or biometric information were being collected, stored and used, as required by §15(b) of the BIPA.

50. As alleged above, Defendants did not inform plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored and used, as required by §15(b) of the BIPA.

51. By collecting, storing, and using plaintiff's and the Class members' biometric identifiers and biometric information as described herein, Defendants violated plaintiff's and the Class members' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1 et seq.

52. Defendants' violations of §15(b) of the BIPA were intentional or reckless because Defendants intentionally collected and stored by default and without written notice as required by the BIPA and, therefore, plaintiff and the Class members had no opportunity to provide defendant with a written release, as mandated by the BIPA.

53. Alternatively, Defendants' violations of §15(b) of the BIPA were negligent because Defendants failed to meet the applicable standard of care in ensuring that its members were informed and consented to the collection, storage, and use of their biometric information and biometric identifiers.

54. As a result of Defendants' violations of §15(b) of the BIPA, plaintiff seeks the following relief individually and on behalf of the Class: (l) injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendants to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as alleged herein; (2) statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs expenses pursuant to 740 ILCS 14/20(3).

## COUNT II

**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On Behalf of Plaintiff and the Class)**

55. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

56. Section 15(a) of the BIPA requires:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

57. Defendants do not provide a publicly available retention schedule or guidelines for permanently destroying its users' biometric identifiers and biometric information as required by BIPA. Therefore, Defendants have violated §15(a) of the BIPA. Defendants' violations of §15(a) of the BIPA were intentional or reckless or, alternatively, negligent.

58. As a result of Defendants ' violations of §15(a) of the BIPA, plaintiff seeks the following relief individually and on behalf of the Class: (l) injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendants to comply with §15(a) of the BIPA's requirement to establish and provide a publicly available retention schedule or guidelines for permanently destroying its users' biometric identifiers and biometric information; (2) statutory damages of $5,000 for each intentional or reckless violation of §15(a) of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of §15(a) of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for a judgment against defendant as follows:

A. Certifying the Class as defined above, appointing plaintiff as Class Representative, and appointing The Law Office of Lloyd M. Cueto, The Law Office of Christopher Cueto, and Flint Cooper as Class Counsel;

B. Declaring that Defendants' actions, as alleged above, violate §15(a) and (b) of the BIPA, 740 ILCS 14/1 et seq.;

C.  Awarding statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1);

D.  Awarding injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendants to comply with the BIPA by providing a publicly available retention schedule or guidelines for permanently destroying its users' biometric identifiers and biometric information and forcing defendant to stop collecting, storing, and using plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining their informed written consent;

E.  Awarding plaintiff attorneys' fees and costs pursuant to 740 ILCS 14/20(3); and

F.  Awarding any further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Date: August 8, 2023        _s/_ James Radcliffe

James E. Radcliffe, IL #6330315
Christopher Cueto, IL #6192248
LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, IL 62223
jradcliffe@cuetolaw.com
ccueto@cuetolaw.com

Lloyd M. Cueto, IL #6292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
cuetolm@cuetolaw.com

Jeff Cooper
FLINT COOPER, LLC
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025