IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHELSEA PURCHASE, *individually and on behalf of all others similarly situated*, <br><br> **Plaintiff,** <br><br> v. <br><br> **FACEAPP INC. and FACEAPP TECHNOLOGY LTD.,** <br><br> **Defendants.** | Case No. 23-CV-02735-SPM |

# MEMORANDUM & ORDER

## McGLYNN, District Judge:

Plaintiff Chelsea Purchase ("Purchase") brings a purported class action against defendants FaceApp Inc. ("FA"), and FaceApp Technology Limited ("FTL") for alleged violations of the Illinois Biometric Privacy Act ("BIPA"), codified at 740 ILL. COMP. STAT. §14/1, *et seq*. (Doc. 1). Pending before the Court is Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 60 (Doc. 55). For the reasons set forth below, the Court **DENIES** the motion.

### PROCEDURAL HISTORY

On August 8, 2023, Purchase filed this class action complaint "in order to hold Defendants accountable for their BIPA violations and to recover statutory damages for the unauthorized collection, storage, and use of their biometric information in violation of BIPA". (Doc. 1, ¶ 8). Within the complaint, Purchase identified the following proposed class:

> **All persons who, while residing in Illinois, had their biometric identifiers collected, captured, received, or otherwise obtained by FaceApp.** (*Id.*, ¶ 33).

On October 13, 2023, the parties filed a stipulation regarding the pleading timeline and potential briefing schedule. (Doc. 13). On October 17, 2023, the Court granted the extensions of time and entered the proposed schedule. (Doc. 19).

On November 13, 2023, FA filed its motion to compel arbitration or, alternatively, to dismiss, along with a memorandum of law and two supporting affidavits. (Docs. 22–24). Within the motion, FA contends that there are many deficiencies in Purchase's complaint; however, the main argument is that Purchase agreed to submit any claims to "binding and final arbitration". (Doc. 22). FA also argues that Purchase agreed that she would not pursue any claims as a plaintiff in a class action and that BIPA is inapplicable. (*Id.*).

On January 18, 2024, following an extension of time, Purchase filed her memorandum in opposition to FA's motion to compel arbitration or, alternatively, to dismiss the complaint. (Doc. 28). Purchase asserted that she never agreed to arbitrate any of her claims and that FA failed to meet its burden to show an agreement. (*Id.*). Purchase also argued that the complaint is plausible on its face so the motion to dismiss must be denied. (*Id.*).

On February 1, 2024, FA filed a reply in support of its motion, raising three main arguments. (Doc. 33). First, FA contended that there was an agreement to arbitrate. (*Id.*). Second, FA contended that dismissal was appropriate because the complaint is not plausible on its face. (*Id.*). Third, FA contended that Purchase waived class claims. (*Id.*).

On February 26, 2024, FTL filed its motion to compel arbitration or, alternatively,

to dismiss the complaint, along with incorporated memorandum of law and supporting affidavit. (Docs. 34, 35). Many of the arguments surrounding arbitration are similar to those raised by FA, but the arguments on dismissal vary in that FTL contends that this Court has neither general nor specific personal jurisdiction over it. (*Id.*).

On March 28, 2024, Purchase filed a memorandum in opposition to FTL's motion incorporating the arguments raised against compelling arbitration. (Doc. 37). With respect to FTL's argument regarding dismissal on jurisdictional grounds, Purchase requested limited jurisdictional discovery and a stay of ninety (90) days to do so. (*Id.*). On April 11, 2024, FTL filed its reply. First and foremost, FTL claimed that Purchase's arguments were flawed and that arbitration should be compelled. (Doc. 38). FTL further claimed that the Court did not even need to reach the jurisdictional argument because of the binding and valid arbitration agreement. (*Id.*).

On April 29, 2024, a hearing was held on the aforementioned motions. (Doc. 40). At that time, the parties argued their respective positions as to arbitration. (*See* Doc. 42 – transcript of hearing). During the hearing, Purchase reiterated her request to conduct limited discovery. Consequently, on May 2, 2024, Purchase was granted leave to conduct limited jurisdictional discovery; therefore, this matter was stayed and the parties were ordered to provide the Court with a status update before July 1, 2024. (Doc. 41).

On July 1, 2024, the parties submitted a status report advising that jurisdictional discovery had not yet been propounded, although Plaintiff advised that she would "formally tender jurisdictional discovery to Defendants within twenty-one (21) days." (Doc. 43). The next day, July 2, 2024, the Court expressed its frustration with the delay, admonishing the parties that the case was stayed sixty (60) days prior and Ordering

Purchase to propound discovery within 10 days, or by July 12, 2024. (Doc. 44). The parties were further Ordered to provide another status report to the Court in six weeks. (*Id.*).

On August 19, 2024, the parties submitted another status report, within which defendants withdrew the alternatives to the motions to compel, i.e., the motions to dismiss. (Doc. 46). Accordingly, on August 23, 2024, the stay was lifted and the parties were granted ten (10) days within which they could file a short brief supplementing their positions regarding the pending motions to compel arbitration. (Doc. 47).

On September 3, 2024, Purchase filed her supplemental brief against arbitration. (Doc. 49). On that same date, defendants filed their supplemental brief in support of their motions. (Doc. 50). Defendants argued that the motions to compel arbitration should be granted while Purchase argued that the motions should be denied because genuine issues of fact precluded compelling arbitration.

On September 12, 2024, this Court granted the motions. (Doc. 52). On January 2, 2025, Plaintiff filed the instant Motion Pursuant to Federal Rule of Civil Procedure 60(a) and 60(b)(6). (Doc. 55). On January 16, 2025, Defendants filed their response. (Doc. 56).

## LEGAL STANDARD

A motion brought pursuant to Federal Rule of Civil Procedure 60(a) is to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). Rule 60(a) allows "changes that implement the result intended by the court at the time the order was entered." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989).

Rule 60(b) allows the Court to vacate a judgment for six reasons, the last of which

is for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This provision is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply. *Id.* However, relief under Rule 60(b)(6) is available only in extraordinary circumstances, including where there is a risk of injustice to the parties or a risk of undermining public confidence in the judicial process. *Pearson*, 893 F.3d at 984.

## ANALYSIS

### I. Rule 60(a)

Plaintiff argues that "it is unclear . . . whether the Court implicitly denied Plaintiff's requests for discovery related to arbitration by granting Plaintiff leave to conduct only jurisdictional discovery." (Doc. 55, p. 4). Defendants contend that Plaintiff is arguing that the Court's order lacked clarity, not that it contained a clerical error. (Doc. 56, p. 8). The Court agrees with Defendants. Even assuming Plaintiff is correct in her assessment, Rule 60(a) is not the proper vehicle by which to challenge it. "Rule 60(a) cannot be used to change language that was poorly chosen, as opposed to incorrectly transcribed . . . The past cannot be rewritten; Rule 60(a) allows a court to correct records to show what was done, rather than change them to reflect what should have been done." *Blue Cross and Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). In other words, Rule 60(a) is a vehicle to correct transcription errors, not errors of vagueness or ambiguity. Moreover, Plaintiff had multiple opportunities to seek clarification from the Court but failed to do so. Plaintiff was given sixty (60) days, then an additional ten (10) days, to conduct jurisdictional discovery. (Docs. 41, 44). Plaintiff could have sought to clarify the

scope of discovery with the Court but failed to do so. Rule 60(a) is not the proper method to seek clarification of the Court's order.

Plaintiff also argues that that, "[e]ven without discovery, there are three genuine issues of material fact whether a valid agreement existed between the parties." (Doc. 55, 6–8.) However, Rule 60(a) is not a vehicle to challenge the substance of a Court's decision. *Am. Trucking Ass'n v. Frisco Transp. Co.*, 358 U.S. 133, 146 (1958) ("[T]he power to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful . . .."). In other words, Rule 60(a) may not be employed to change decisions that were litigated and deliberately decided. The Court decided these issues in its September 12 order (Doc. 52), and they may not be challenged via Rule 60(a).

## II.     Rule 60(b)(6)

To grant relief under Rule 60(b)(6), the moving party must show that extraordinary circumstances justify the reopening of a final judgment. *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The trial court has broad discretion in deciding Rule 60(b) motions. *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1230 (7th Cir. 1983). Plaintiff's motion for relief pursuant to Rule 60(b)(6) contains both procedural and substantive shortcomings.

First, Plaintiff's motion is procedurally improper. A Rule 60(b) motion to reconsider "applies only to a final judgment, order, or proceeding." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). Orders compelling arbitration and staying litigation – such as this Court's Order – are not "final." *See, e.g., Johnson v. Ret. Plan of Gen. Mills, Inc.*, 2018 WL 3630275, at *2 n.2 (S.D. Ind. July 31, 2018) (concluding that

Rule 60(b) did not apply to an order staying the case and compelling arbitration because the order was not final). Even if it were, the motion is untimely. Motions under Rule 60(b) must be brought "within a reasonable time." FED. R. CIV. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986). Plaintiff does not set forth any new and material information that has not already been addressed and considered by the Court and fails to explain why she waited several months to file a motion merely rehashing arguments addressed by the Court.

Moreover, Plaintiff's motion is substantively flawed. In keeping with its "extraordinary" nature, the Seventh Circuit has placed significant restrictions on a party's use of Rule 60(b). A motion under Rule 60(b) is not the place to rehash previously rejected arguments. *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). Plaintiff identifies no mistake or surprise, presents no new evidence, points to no fraud or misconduct by Defendants, and reveals no other extraordinary circumstances bringing her case within the reach of Rule 60(b). She merely reasserts her arguments that the court previously rejected in its previous order (Doc. 55), which is not within the scope of Rule 60(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 60 (Doc. 55) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 28, 2025**

        */s/ Stephen P. McGlynn*
        **STEPHEN P. McGLYNN**
        **U.S. District Judge**